19-600-cv
Duran v. La Boom Disco, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty-five.

PRESENT: JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*,
CHRISTINA REISS,
*District Judge.*\*

---------------------------------------------------------------------
RADAMES DURAN, ON BEHALF OF HIMSELF
AND ALL OTHERS SIMILARLY SITUATED,

*Plaintiff-Appellant*,

v.                                                      No. 19-600-cv

LA BOOM DISCO, INC.,

*Defendant-Appellee.*

---------------------------------------------------------------------

\* Chief Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

FOR APPELLANT:                                    C.K. Lee, Lee Litigation Group, PLLC, New York, NY

FOR APPELLEE:                                     Raymond J. Aab, New York, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is VACATED, and the case is REMANDED for further proceedings consistent with this order.

In *Duran v. La Boom Disco, Inc.*, 955 F.3d 279 (2d Cir. 2020), *vacated*, 141 S. Ct. 2509 (2021), we held that to qualify as an "automatic telephone dialing system" within the meaning of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, a device must have the capacity either to store telephone numbers, regardless of how those numbers are stored, or to produce telephone numbers using a random or sequential number generator.

The Supreme Court vacated our judgment in *Duran* and remanded the case to this Court for further consideration in light of *Facebook, Inc. v. Duguid*, 592 U.S. 395 (2021).  In *Facebook*, the Supreme Court held that to qualify as an automatic telephone dialing system under the TCPA, a device must have the

2

capacity either to store a telephone number using a random or sequential number generator or to produce a telephone number using a random or sequential generator. *Id.* at 409.

For the foregoing reasons, the judgment of the District Court is VACATED, and the case is REMANDED for further proceedings consistent with *Facebook*.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court